(162 App. Div. 150)
## RODEMANN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.  April 24, 1914.)

MUNICIPAL CORPORATIONS (§ 175*)—LEASES—ACTION FOR BREACH—PARTIES.

Greater New York Charter (Laws 1901, c. 466) § 149, requires all leases by the city to be executed for it by the comptroller; section 1055 vests title to all property acquired for the purposes of the board of education in the city, but gives control thereof to the board, and provides that "suits in relation to such property shall be brought in the name of the said board of education"; and section 1066 provides that said board shall have power to lease property required to furnish school accommodations and to prepare and execute leases therefor. *Held,* that a lease of property for the purposes of the board of education for school accommodations should be executed by the board, and it and not the city is liable thereon, so that an action cannot be maintained against the city for breach of a lease executed for such purposes by the assistant secretary of the board of education.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 415; Dec. Dig. § 175.*]

Appeal from Special Term, Kings County.

Action by George R. Rodemann against the City of New York. From an order directing judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

Edward J. McCrossin, of New York City (William H. Baker, of New York City, on the brief), for appellant.

James D. Bell, of Brooklyn, for respondent.

CARR, J. This is an appeal from an order of the Special Term granting the motion of the defendant for judgment on the pleadings. The plaintiff is the owner of certain real property in the borough of Brooklyn. In 1905 he leased the premises under written lease for the term of five years, for the purposes of the board of education of the city of New York. This lease is attached to the complaint as an exhibit. It appears that the lease was executed by the assistant secretary of the board of education, and that it was authorized by a resolution of the board of commissioners of the sinking fund of the city of New York. At the expiration of the original term it was renewed for an additional term of two years, and again renewed for a further term of two years. The lease in question contained a covenant that the lessee would surrender the premises at the end of the demised term in good condition. The plaintiff claims a breach of this covenant, and asks damages therefor.

The whole question involved is whether or not the city of New York is the party liable for a breach of said covenant. Section 149 of the Greater New York Charter (Laws 1901, c. 466) provides that all leases of the city shall be executed for the city by the comptroller. The general power of the commissioners of the sinking fund in regard to leases is to be found in section 217 of the same charter. Under section 1055 of the charter, title to all property acquired for the purposes

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the board of education vests in the city of New York, but all control over the same is vested in the board of education of said city. This same section provides as follows:

"Suits in relation to such property shall be brought in the name of the said board of education."

Section 1066 of the charter provides, in relation to the board of education:

"Said board shall have power to lease property required for the purpose of furnishing school accommodations, and to prepare and execute leases therefor."

Unquestionably the property involved in this action was required for the purposes of furnishing school accommodations. We think that the meaning of section 1066 is that, when such property is leased, the lease shall be executed by the board of education. That body has repeatedly been held liable for its own contracts, and not the city of New York.

· The order should be affirmed, with $10 costs and disbursements. All concur.